UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC RIVA MUTURI,

      Petitioner,

v.                                             Case No. 3:22-cv-1239-MMH-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.
_____

## ORDER

### I. Status

Petitioner Eric Riva Muturi, an inmate of the Florida penal system, is proceeding on a counseled Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Amended Petition; Doc. 3).[1] Muturi challenges a 2014 state court (Duval County, Florida) judgment of conviction for armed burglary, aggravated battery, attempted armed robbery, aggravated assault, and possession of a firearm by a juvenile delinquent found to have committed a felony. Muturi raises four grounds for relief. See Docs. 3, 3-1. In response, Respondent submitted a motion seeking dismissal of the Amended Petition arguing that the action is untimely. See generally Motion to Dismiss Amended

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Petition (Response; Doc. 6). Respondent has filed exhibits to the Response, see Docs. 6-1 through 6-33, and Muturi has filed a response to the motion, see Response to Motion to Dismiss (Reply; Doc. 9). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondent contends that Muturi has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 4–8. The following procedural history is relevant to resolving the limitations issue. On March 14, 2014, the State of Florida filed a second amended information, charging Muturi with one count of armed burglary, one count of aggravated battery, one count of attempted armed robbery, two counts of aggravated assault, and one count of possession of a firearm by a juvenile delinquent found to have committed a felony. Doc. 6-3 at 65–66. After a two-day trial, on March 27, 2014, a jury found Muturi guilty on all charges. Id. at 89–98, 134. On May 6, 2014, the circuit court sentenced Muturi to a twenty-five-year term of

imprisonment (with a twenty-five-year mandatory minimum) on counts one, two, and three; a five-year term of imprisonment (with a three-year mandatory minimum) on counts four and five; and a fifteen-year term of imprisonment on count six; ordering that all terms would run consecutive to one another. Id. at 145–66, 177; Doc. 6-4 at 52–56.

Muturi timely appealed. With the benefit of oral argument, Florida's First District Court of Appeal issued a written opinion on June 28, 2016,[2] affirming Muturi's convictions but remanding the case to the circuit court to correct the consecutive nature of Muturi's sentences on counts one through five,[3] and issued the mandate on July 14, 2016. See Docs. 6-18, 6-19; Muturi v.

---

[2] On December 19, 2014, Muturi had filed a counseled motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which the circuit court summarily denied on January 28, 2015. See Doc. 6-12 at 4–14, 17–19. Muturi then filed a second Rule 3.800(b)(2) motion on April 21, 2015, which the circuit court summarily denied on June 5, 2015. See Doc. 6-14 at 4–16.

[3] The First DCA explained:
> Here, the State conceded during oral argument that based on the facts of this case, the sentences for the qualifying offenses in counts 1 through 5 must be imposed concurrently to one another. Williams [v. State, 186 So. 3d 989 (Fla. 2016)] requires the sentences for the qualifying offenses in counts 1 through 5 be imposed consecutively to the sentence for count 6, a non-qualifying offense. Accordingly, we remand for resentencing consistent with this opinion.

Doc. 6-18 at 3.

4

State, 192 So. 3d 1288 (Fla. 1st DCA 2016). Pursuant to the mandate, on November 17, 2016 nunc pro tunc to May 6, 2014, the circuit court modified Muturi's sentences to reflect that the terms of imprisonment (including the mandatory minimum provisions) on counts one through five would run concurrently, but consecutively to the term imposed as to count six. See Doc. 6-20.

Previously, on August 26, 2016, Muturi filed a counseled motion to reduce his sentences under Rule 3.800, which the circuit court denied after a hearing on November 17, 2016. Doc. 6-21; Doc. 6-22 at 2. Muturi did not appeal the denial of that motion. On December 15, 2017, Muturi filed a counseled motion for post-conviction relief under Rule 3.850, which he amended on August 2, 2019. Doc. 6-23 at 7–30; Doc. 6-24 at 317–43. After an evidentiary hearing on ground two of the amended motion for post-conviction relief, the circuit court denied Muturi's Rule 3.850 motions on August 24, 2021. Doc. 6-25 at 686–701. The First DCA per curiam affirmed the denial without a written opinion on October 19, 2022, denied rehearing on November 7, 2022, and issued the mandate on November 28, 2022. See Docs. 6-29, 6-31, 6-32; Muturi v. State, 350 So. 3d 53 (table) (Fla. 1st DCA 2022). On November 10, 2022, Muturi filed

his counseled Petition in this case, which he amended on December 15, 2022. Docs. 1, 3.

As Muturi's convictions and sentences became final after the effective date of AEDPA, his Petition, as amended, is subject to the one-year limitations period.[4] See 28 U.S.C. § 2244(d)(1). Muturi's convictions and sentences became final upon expiration of the time to file a petition for certiorari review in the United States Supreme Court. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018) ("Chamblee's judgment was final for purposes of triggering the AEDPA's limitations period . . . when the 90-day window for filing a petition for a writ of certiorari in the United States Supreme Court seeking direct review of the First District Court of Appeal's decision affirming his convictions and sentence expired."); Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1275 (11th Cir. 2006) (same). Muturi had until September 26, 2016 (June 28, 2016 + 90 days = September 26, 2016) to file a petition for certiorari review, and when he failed to do so, his judgment and sentences became final on

---

[4] Because Muturi's Amended Petition is virtually identical to the original Petition, it relates back to the filing date of the original Petition. See Mayle v. Felix, 545 U.S. 644, 648 (2005) (stating that "pleading amendments relate back to the filing date of the original pleading when both the original plea[ding] and the amendment arise out of the same 'conduct, transaction, or occurrence'") (citing Fed. R. Civ. P. 15(c)(2)).

September 27, 2016. The next day, September 28, 2016, the one-year statute of limitations began to run, and he had until September 28, 2017, to file a federal habeas petition. Because Muturi filed his Petition on November 10, 2022, this case must be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Muturi's Rule 3.800 motion, filed on August 26, 2016, tolled the limitations period until December 19, 2016, or thirty days[5] after the circuit court denied the motion on November 17, 2016. See Fla. R. App. P. 9.110(b) (providing that under Florida law, a party must file a notice of appeal "within 30 days of rendition of the order to be reviewed."). Although Muturi did not appeal the denial of his Rule 3.800 motion, the limitations period remained tolled until the thirty-day period for filing an appeal expired.[6] See Carey v. Saffold, 536 U.S. 214, 217 (2002) (holding that an application for state collateral review remains "pending" in the state courts for purposes of § 2244(d)(2) during "the time between a lower state court's decision and the filing

---

[5] Because the thirtieth day fell on Saturday, December 17, 2016, the limitations period was tolled until the following Monday, December 19, 2016. See Fed. R. Civ. P. 6(a)(1)(C).

[6] Respondent's calculations do not take into account the thirty-day period for filing an appeal. See Doc. 6 at 5.

7

of a notice of appeal to a higher state court"); see also Lawrence v. Florida, 549 U.S. 327, 332 (2007) (stating that "a state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures'" (citing Carey, 536 U.S. at 220)); Cramer v. Sec'y, Dep't of Corrs., 461 F.3d 1380,1381–83 (11th Cir. 2006) (holding that the time during which a petitioner could have sought an appeal of the denial of his Rule 3.800 motion tolled the limitations period, even if the petitioner did not in fact seek appellate review, because the claim remains "pending" for purposes of § 2244(d)(2) until the time to file an appeal expires); Lowe v. Inch, No. 3:20-cv-5060-LC-MJF, 2020 WL 8084257, *3 (N.D. Fla. Nov. 19, 2020) (finding the limitations period was statutorily tolled until the thirty-day period to appeal the trial court's denial of petitioner's Rule 3.850 postconviction motion expired), rep. & recommendation adopted, 2021 WL 66409 (N.D. Fla. Jan. 7, 2021).[7] The limitations period resumed running on December 20, 2016, and ran for 360 days until December 15, 2017, when Muturi filed his Rule 3.850 motion. The limitations period was then tolled until November 28, 2022, when

---

[7] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

the First DCA issued the mandate affirming the denial of Muturi's Rule 3.850 motion. On November 10, 2022, while the limitations period remained tolled, Muturi filed his Petition in this case. See Doc. 1. Because Muturi's original Petition is timely filed, so is his Amended Petition, which relates back to the original filing date. See Mayle, 545 U.S. at 648.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondent's request to dismiss the Amended Petition as untimely (Doc. 6) is **DENIED**.

2. Respondent must file an amended response to the Amended Petition, addressing the merits of Petitioner's claims **within sixty (60) days** of the date of this Order.

3. **Within sixty (60) days** of the filing of Respondent's amended response to the Amended Petition, Petitioner may file an amended reply. If he does not intend to file an amended reply, he shall so notify the Court by the same deadline. If Petitioner fails to file an amended reply or a notice by the designated deadline, the Court will consider the case to be ripe for review and all briefing will be closed.

4.   The **Clerk of Court** shall administratively close the case pending receipt of the parties' additional briefing.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2025.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11 10/29
c:   Counsel of Record